# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States of America; ERIC D. HARGAN, in his official capacity as Acting Secretary of Health and Human Services; U.S DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Treasury, U.S. DEPARTMENT OF TREASURY; R. ALEXANDER ACOSTA, in his official capacity as Secretary of Labor; and UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendants. | No. 2:17-cv-01510-RBL <br><br> **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY** <br><br> NOTE ON MOTION CALENDAR: December 15, 2017 |

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - i
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

The State of Washington has issued eight third-party subpoenas purportedly to develop facts regarding the use by Washington companies of the exemption created by the challenged regulations to the Affordable Care Act's ("ACA's") contraception coverage requirements. *See* Exhibits A-H, attached hereto. Those subpoenas are premature, because Defendants intend to move to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or for summary judgment by December 11, 2017. If the Court grants the motion to dismiss, the third-party discovery would be unnecessary.

Defendants' motion to dismiss will explain that jurisdiction is lacking because Washington has failed to plead any cognizable injury. Because the Complaint is inadequate on its face, jurisdictional discovery will be unnecessary to decide the motion to dismiss. Defendants accordingly respectfully move for a protective order and to quash the subpoenas for documents and deposition testimony that Plaintiff served on Cherry Creek Mortgage Company, Conestoga Wood Specialties Corporation, Continuant, Inc., Cummins-Allison Corp., Electric Mirror, LLC, J.E. Dunn Construction Company, Franciscan Health System d/b/a/ CHI-Franciscan, and Hobby Lobby Stores, Inc., as well as for a stay of all discovery. Because this discovery is not necessary to respond to Defendants' Rule 12(b)(1) arguments, a stay until this Court resolves Defendants' forthcoming motion to dismiss would cause no prejudice to Plaintiff. Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(f), Defendants certify that they have in good faith and after reasonable effort attempted to confer with Plaintiff in an effort to resolve the dispute without action by this Court.

## **BACKGROUND**

On May 4, 2017, the President issued an Executive Order "Promoting Free Speech and Religious Liberty." Exec. Order No. 13,798, 82 Fed. Reg. 21,675 (May 4, 2017). It instructed the Agencies to "consider issuing amended regulations, consistent with applicable law, to address conscience-based objections to the preventive-care mandate promulgated under section 300gg-13(a)(4)." *Id*. at 21,675. Consistent with the Executive Order, the Agencies concluded that it was "appropriate to reexamine the exemption and accommodation

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 1
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

scheme currently in place for the Mandate" and issued the Rules at issue here on October 6, 2017. Religious Exemptions Rule, 82 Fed. Reg. 47,799 (Oct. 13, 2017); Moral Exemptions Rule, 82 Fed. Reg. 47,838 (Oct. 13, 2017) (collectively, "the Rules"). The Agencies have requested public comments on the Rules by December 5, 2017.

The Religious Exemption Rule expands the exemption for non-governmental plan sponsors that object to providing coverage for all or a subset of contraceptive services based on sincerely held religious beliefs, as well as for institutions of higher education in their arrangement of student health plans, to the extent of these entities' sincerely held religious beliefs. 45 C.F.R. § 147.132(a)(2). The Moral Exemption Rule provides an exemption for certain non-governmental plan sponsors that object to providing all or a subset of contraceptive services based on sincerely held moral convictions, as well as for institutions of higher education in their arrangement of student health plans, to the extent of these entities' sincerely held moral convictions. *Id*. § 147.133(a)(2).[1]

Under the Rules, the Health Resources and Services Administration ("HRSA") remains free to define "contraceptive services" as "contraceptive or sterilization items, procedures, or services, or related patient education or counseling, to the extent specified for purposes of § 147.130(a)(1)(iv)" for all non-exempt employers. *See* 82 Fed. Reg. at 47,835; 45 C.F.R. §§ 147.132(c), 147.133(c). "Contraceptive services" do not include contraceptive services for men, and never have, because the ACA only authorizes HRSA to develop guidelines for "additional preventive care and screenings" to be covered "with respect to women." 42 U.S.C. § 300gg-13(a)(4); Coverage of Certain Preventive Services Under the ACA, 78 Fed. Reg. 8,456, 8,458 n.3 (Feb. 6, 2013) (excluding "services relating to a man's reproductive capacity, such as vasectomies and condoms" from the definition of "preventive

---

[1] Each rule also includes an "individual exemption" that allows a willing plan sponsor of a group health plan or a willing health insurance issuer offering group or individual health insurance coverage to provide a separate benefit package option or separate policy, certificate, or contract of insurance to an individual who objects to coverage for contraceptive services based on sincerely held religious beliefs or moral convictions. 45 C.F.R. §§ 147.132(b), 147.133(b).

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 2
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

services" that must be provided without cost sharing).² As under the previous rule, exempt entities are not required to self-certify, but they are still subject to regulatory disclosure requirements for plan exclusions or reductions in a covered benefit. 82 Fed. Reg. at 47,808 & n.54; *id*. at 47,804 & n.32. The Rules also maintain the accommodation process as a voluntary mechanism to provide contraceptive availability for women covered by the plans of exempt entities that choose to use it. 45 C.F.R. § 147.131; 26 C.F.R § 54.9815-2713A; 29 C.F.R. § 2590.715-2713A. On October 6, 2017, HRSA updated its Guidelines to exempt entities and individuals that qualify for exemptions from the Guidelines' requirements. *See* HRSA, *Women's Preventive Services Guidelines*, (Oct. 2017), http://www.hrsa.gov/womens-guidelines.

On October 9, 2017, Washington filed a Complaint challenging the Rules in this Court, despite the fact it could not point to any employers of the "up to 1.5 million insureds" in Washington who receive insurance through their employers' self-funded plans that would be newly qualified for the expanded exemptions, much less that they would seek an exemption rather than an accommodation.³ *See* Compl. ¶ 73.

On November 30, 2017, Washington issued eight third-party subpoenas purportedly to develop facts regarding the use by Washington companies of the exemption created by the challenged Rules to the ACA's requirement to cover contraceptives without cost-sharing. Five of these third parties—Cherry Creek Mortgage Company, Conestoga Wood Specialties Corporation, Cummins-Allison Corp., J.E. Dunn Construction Company, and Hobby Lobby Stores, Inc.—are out-of-state companies. These subpoenas requested documents and

---

² "Contraceptive services" under the Rules also do not include drugs or methods approved by the FDA for contraceptive use that are prescribed for medical treatment, because 42 U.S.C. § 300gg-13(a)(4) does not apply to non-preventive care provided for treatment of an existing condition. *See* 82 Fed. Reg. at 47,805 & n.48. In other words, if drugs or methods approved by the FDA for contraceptive use are used for a non-contraceptive purpose, the Rules do not exempt them from coverage (if they would otherwise be covered by a plan).

³ Employers seeking the exemption are subject to ERISA's timely disclosure requirements for plan exclusions or reductions in a covered service or benefit. *See* 82 Fed. Reg. at 47,808 & n.54.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 3
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

depositions of third-party witnesses under Fed. R. Civ. P. 26 and 30(b)(6) on December 15, December 18, and December 19, 2017.

## **ARGUMENT**

### I. Discovery Is Not Warranted Because the Court Does Not Have Subject Matter Jurisdiction.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Thus, the "first and fundamental" question for this Court is that of jurisdiction. *Id*. at 94 (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). "Without jurisdiction the court cannot proceed at all in any cause," other than to "announc[e] the fact and dismiss[]" the case. *Id*.

A plaintiff bears the burden of demonstrating that its case meets the requirements of subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). There is a presumption that a federal court lacks jurisdiction in a particular case until plaintiffs meet that burden. *Renne v. Geary*, 501 U.S. 312, 316 (1991). Unless and until plaintiffs make that threshold showing, the "defendant[s] should not be put to the trouble and expense of any further proceeding, and the time of [the] court should not be occupied with any further proceeding." *United Transp. Serv. Emps. of Am., CIO v. Nat'l Mediation Bd*., 179 F.2d 446, 454 (D.C. Cir. 1949). Plaintiff has not met its burden here. As Defendants will demonstrate in their motion to dismiss, the face of Plaintiff's Complaint demonstrates that Plaintiff cannot establish this Court's jurisdiction over its claims.

### II. This Court Should Stay Discovery Pending Resolution of Defendant's Forthcoming Motion to Dismiss.

A court may relieve a party of the burdens of discovery where a dispositive motion renders such discovery unnecessary. *See Davis v. Speer*, No. C10-5185 RJB KLS, 2010 WL 4568047, at *1 (W.D. Wash. Nov. 3, 2010) (citing *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir.1990); *Rae v. Union Bank*, 725 F.2d 478, 481

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 4
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

(9th Cir. 1984)). This Court has broad discretion to control the nature and timing of discovery, and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). It may issue a protective order under Federal Rule of Civil Procedure 26(c) upon a showing of good cause in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c).[4] "[T]he Ninth Circuit Court of Appeals has recognized a court's ability to issue a protective order staying discovery pending the resolution of a dispositive motion." *See Johnson v. Monsanto Co.*, No. 16-00075 JMS-RLP, 2016 WL 2753445, at *1 (D. Haw. Apr. 20, 2016) (citing, *e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Rule 12(b)(6)).

Where a party moves to dismiss on jurisdictional grounds, a stay of discovery is particularly appropriate. 8A Charles Allan Wright et al., Federal Practice and Procedure § 2040 (3d ed. 2010); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (noting courts "have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending"). This is because the "first and fundamental" question for any court is whether it has jurisdiction. *Steel Co.*, 523 U.S. at 94; *see also Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 778-79 (2000) ("Questions of jurisdiction, of course, should be given priority—since if there is no jurisdiction there is no authority to sit in judgment of anything else.").

This Court should be particularly open to a stay of jurisdictional discovery, because such discovery is generally reserved for instances where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is

---

[4] Because a motion to stay discovery is equivalent to a request for a protective order prohibiting or limiting discovery pursuant to Fed. R. Civ. P. 26(c)(2), a motion to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c)(2). *See, e.g., Silva v. TEKsystems, Inc.*, No. 12-cv-05347-LHK, 2013 WL 3388255, at n.1 (N.D. Cal. July 8, 2013) (citing 10A Fed. Proc., L. Ed. § 26:334).

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 5
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

necessary." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2011 WL 2470671, at *5 (W.D. Wash. June 17, 2011) (citing *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986)). There is no factual dispute about standing here.

The forthcoming Motion will demonstrate, based on the face of the Complaint, that this Court does not have subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (It will also establish that dismissal under Fed. R. Civ. P. 12(b)(6) or summary judgment in favor of Defendants is appropriate.[5]) *First*, Plaintiff's allegation that it will suffer a cognizable proprietary injury that is traceable to the Rules fails as a matter of law. Theorizing that state residents will lose coverage as a result of the Rules[6] and these employees would then qualify for and seek coverage through state-funded programs that provide access to contraceptives for some low-income residents, Compl. ¶¶ 76-77, is not a plausible allegation of injury to the Commonwealth, much less an injury that is "*certainly* impending." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992). Even more speculative is the assertion that these employees will forego contraception entirely and have unplanned pregnancies, the costs of which would be borne by the state, Compl. ¶¶ 78-82, even though such pregnancies would presumptively be otherwise covered by the employees' health plans. And conclusory allegations that a state's budget or tax revenues will be harmed in some general way by a federal policy are not sufficient to support state standing; otherwise, any state could challenge

---

[5] Plaintiff has not requested discovery purportedly to respond to non-jurisdictional challenges to its Complaint. Even if it had, with respect to Plaintiff's claims under the Administrative Procedure Act, this Court has further reason to stay discovery—"[g]enerally, judicial review of an agency action is limited to review of the administrative record." *Evans v. Salazar*, No. C08-0372-JCC, 2010 WL 11565108, at *1 (W.D. Wash. July 7, 2010) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)); *see also Citizens to Pres. Overton Park, Inc., v. Volpe*, 401 U.S. 402, 420 (1971). The Administrative Record will be filed along with Defendants' motion to dismiss or for summary judgment, on or before December 11, 2017. With respect to Plaintiff's remaining claims, discovery would not be necessary or appropriate on these constitutional claims. *See, e.g., Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 737-38 (D.C. Cir. 2007) (upholding denial of discovery on constitutional challenge to agency action); *Overton Park*, 401 U.S. at 420 ("inquiry into the mental processes of administrative decisionmakers is usually to be avoided").

[6] As noted above, five of the eight third-party subpoenas were issued to out-of-state companies.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 6
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

any federal policy. *See Wyoming v. U.S. Dep't of the Interior*, 674 F.3d 1220, 1234 (10th Cir. 2012) (requiring "concrete evidence" of an impact on state finances given the "the unavoidable economic repercussions of virtually all federal policies"). *Second*, Plaintiff cannot, as a matter of law, pursue this litigation on behalf of the purported interest of its citizens. *See Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923) ("It is the United States, and not the state, which represents [its citizens] as *parens patriae*," and "it is no part of [a state's] duty or power to enforce rights in respect of their relations with the federal government.").

None of the facts that Washington seeks to develop through its third-party subpoenas would change these conclusions. *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (upholding district court's decision to stay discovery "pending the disposition of the motions to dismiss, on the ground that discovery was 'not required to address the issues raised by defendants' motions to dismiss'"); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (affirming a district court's stay of discovery when there was no indication that "the discovery sought was relevant to whether or not the court has subject matter jurisdiction"); *Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th Cir. 2005) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982) to support holding that "[t]he district court was required to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues prior to allowing any discovery").

### III. Discovery Imposes Substantial Burdens on Defendants and Will Likely Lead to Unnecessary Litigation over Particular Discovery Demands.

Allowing discovery to proceed prior to this Court's disposition of facial jurisdictional questions would place a substantial burden on Defendants and lead to litigation over particular discovery requests. Defendants are in the midst of litigating eight separate cases challenging the Rules, in districts across the country, a number of which have deadlines in the month of December. *See ACLU v. Wright*, No. 4:17-cv-5772 (N.D. Cal. filed Oct. 6, 2017); *California v. HHS*, No. 4:17-cv-5783 (N.D. Cal. filed Oct. 6, 2017); *Massachusetts v.*

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 7
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

*HHS*, No. 1:17-cv-11930 (D. Mass. filed Oct. 6, 2017); *Medical Students for Choice v. Wright*, No. 1:17-cv-2096 (D.D.C. filed Oct. 10, 2017); *Pennsylvania v. Trump*, No. 2:17-cv-4540 (E.D. Pa. filed Oct. 11, 2017); *Campbell v. Trump*, No. 1:17-cv-2455 (D. Colo. filed Oct. 13, 2017); *Shiraef v. Hargan*, No. 3:17-cv-0817 (N.D. Ind. filed Oct. 31, 2017). Plaintiff's subpoenas proposed depositions of third-party witnesses in Seattle, Washington on December 15, December 18, and December 19, 2017. Counsel for Defendants promptly notified counsel for Plaintiff that, in addition to Defendants' belief that discovery is unnecessary at this stage of the litigation, the undersigned counsel is unavailable on December 15, 2017, because she will be at a hearing in Philadelphia that is set for December 14-15, 2017. Undersigned counsel will then be required to file proposed findings of fact in that case by noon on December 19, 2017.

Responding and objecting to Plaintiff's requests for third-party discovery and attending depositions in Seattle would thus not only impose significant burdens on Defendants, but would also likely lead to litigation in this Court—all of which will have been unnecessary if the Court ultimately dismisses the case based on legal flaws evident from the face of the Complaint. In contrast, a stay of discovery pending a ruling on Defendants' dispositive motion would conserve the time and resources of the Court and the parties, and would not prejudice Plaintiff because, as discussed above, it is not necessary to respond to Defendants' motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, this Court should stay discovery and toll all relevant deadlines until the disposition of Defendants' forthcoming motion to dismiss.

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 8
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**

DATED: December 7, 2017  Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

ETHAN P. DAVIS
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOEL McELVAIN
Assistant Director, Federal Programs Branch

*/s/ Elizabeth L. Kade*
ELIZABETH L. KADE
(D.C. Bar No. 1009679)
Trial Counsel
U.S. Dep't of Justice, Civil Div.
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 616-8491
Elizabeth.L.Kade@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO STAY DISCOVERY - 9
*State of Washington, et al. v. Trump, et al.*, No. 2:17-cv-01510 (RBL)

**U.S. DEPARTMENT OF JUSTICE**
**20 Massachusetts Ave., NW**
**Washington, DC 20530**
**Tel: (202) 305-8902**