# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Plaintiff,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>               Defendants. | NO. 2:17-cv-01510 RBL<br><br>MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEALS IN *CALIFORNIA V. HARGAN* AND *PENNSYLVANIA V. TRUMP*<br><br>NOTED FOR CONSIDERATION:<br>JANUARY 5, 2018 |

## I. INTRODUCTION

This case is one of eight cases[1] across the country challenging two federal administrative rules which create sweeping administrative exemptions to the Affordable Care Act's (ACA) coverage requirements with respect to women's health. Dkt. 1. All of these cases raise similar if not identical challenges to the legality of the rules under the ACA and the Administrative Procedure Act (APA). In two cases so far, the District Courts have entered nationwide injunctions precluding

---

[1] The other seven cases are: *ACLU, et al. v. Wright, et al.*, Case No. 4:17-cv-05772 (N.D. Cal.); *California, et. al. v. Hargan*, et al., Case No. 4:17-cv-05783-HSG (N.D. Cal.); *Jessica Campbell v. Trump, et al.*, Case No, 1:17-cv-02455-PAB (D. Colo.); *Massachusetts v. Health and Human Services, et al.*, Case No. 1:17-cv-11930 (D. Mass.); *Medical Students for Choice, et al. v. Wright, et al.*, Case No. 1:17-cv-02096-RBW (D.D.C.); *Pennsylvania v. Trump, et al.*, Case No. 2:17-cv-04540 (E.D. Penn.); and *Mary Shiraef, et al. v. Hargan, et al*., Case No. 3:17-cv-00817 (N.D. Ind.).

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

enforcement of the rules based on procedural violations of the APA.[2] In one of those cases, the Court went on to find that the rules exceed the Executive Branch's authority under the APA.[3]

Appeals are imminent. The Justice Department is reported to be "evaluating its next steps" based on its disagreement with the rulings.[4] Because one or both expected appeals will likely resolve some or all of the dispositive legal issues in this case, Plaintiff hereby moves the Court for a stay in the proceedings pending outcome of those appeals.

District courts routinely stay proceedings where appellate review in another case will provide guidance to a court in deciding issues before it. A stay is warranted in this case because the other cases at issue do not merely share one issue but are largely overlapping. The issues decided by the other courts, such as state standing and the rules' procedural and substantive compliance with the APA, are major issues in this litigation. And appellate review would be by one court whose rulings will be binding on the parties here and this Court.

The circumstances here have arisen repeatedly recently in the litigation over the President's Executive Orders on immigration, and in each instance – at the Federal government's urging – the District Courts have stayed proceedings pending appeals. Awaiting guidance from Courts of Appeals on identical claims would preserve the resources of this Court and avoid the risk of inconsistent rulings that would engender further litigation. Given these circumstances, this court should stay the proceedings pending further appellate guidance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

---

[2] *Pennsylvania v. Trump, et al.*, Case No. 2:17-cv-04540 (E.D. Penn.); *California, et. al. v. Hargan, et al.*, Case No. 4:17-cv-05783 (N.D. Cal.). The applicable orders and other relevant pleadings are attached to the Declaration of Jeffrey T. Sprung in Support of this Motion, but for ease of reference will be cited to by applicable State and docket number.
[3] PA Dkt. 59 at 29-34.
[4] http://www.cnn.com/2017/12/21/politics/contraceptive-mandate/index.html (last visited Dec. 21, 2017); *See also* Dkt. 37 at 1 (noting Defendants' disagreement with the Pennsylvania decision).

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## II. BACKGROUND

### A. Procedural Posture of This Case

This lawsuit seeks declaratory and injunctive relief to preclude the Federal Government from implementing Interim Final Rules that create two new exemptions to a health coverage requirement under the ACA.[5] The Federal Government filed a Motion to Dismiss or for Summary Judgment on December 11, 2017.[6] Following two nationwide injunctions in similar cases providing the very relief sought in this case, the State is now asking this Court to stay these proceedings pending resolution of those appeals.

### B. Recent Developments In Identical Cases

As noted above, the Interim Final Rules at issue here are being challenged in seven other federal cases across the country.[7] In two of those cases so far, federal district courts found that the plaintiff-states have standing, and have preliminarily enjoined implementation of the rules on a nationwide basis.

First, in the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania granted Pennsylvania's motion for preliminary injunction and entered an injunction on a nationwide basis. *See Commonwealth of Pennsylvania v. Trump et al.*, CV-17-4540-WB (E.D. PA. December 15, 2017).[8] In doing so, the Court found that the State of Pennsylvania had standing to challenge the Rules based on its quasi-sovereign interest in protecting the health of its women residents and on its proprietary interest in avoiding future fiscal injury.[9] The Court also found that Pennsylvania was likely to succeed on at least two of its challenges to the Interim Final Rules. First, the Court found the rules do not comply with the notice and comment provisions of the APA, and there was no justification for evading those

---

[5] Dkt. 1.
[6] Dkt. 15.
[7] *See* note 1, *supra*.
[8] PA Dkt. 59; Pa Dkt. 60.
[9] PA Dkt. 59 at 8-17.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

provisions.[10] The Court also found that the failure to follow notice and comment requirements was not "harmless."[11] Second, the Court concluded that Pennsylvania was likely to succeed on its argument that the Interim Final Rules conflicted with the ACA and exceeded the Federal Government's rulemaking authority.[12]

In *California, et. al. v. Hargan, et. al.*, the States of California, New York, Delaware, and Maryland, and the Commonwealth of Virginia also moved for a preliminary injunction to enjoin the federal government from implementing the Rules. That motion was also granted, likewise enjoining implementation of the Rules on a nationwide basis.[13] The District Court found "at a minimum" that the States were likely to succeed in showing that the Rules violated the APA's notice and comment requirements.[14] The Court also found that the violation was not "harmless," because it precluded public participation in the promulgation of the rules before they became effective.[15] The Court also found that the States had standing to sue at least based on their procedural injury in being "denied the opportunity to comment and be heard, prior to the effective date" of the Rules.[16] And while the Court noted that "causation and redressability requirements are relaxed in cases of procedural injury," the States also satisfied those requirements.[17] The Court also found the States showed that the Rules would "impact their fiscs in a manner that corresponds with the [Rules'] impact on their citizens' access to contraceptive care," and that "Plaintiffs' asserted injury is also squarely within the APA's 'zone of interests.' "[18]

---

[10] PA Dkt 59 at 27-29.
[11] PA Dkt. 59 at 28 n.11.
[12] PA Dkt. 59 at 29-34.
[13] CA Dkt. 105.
[14] CA Dkt. 105 at 2, 17-25.
[15] CA Dkt. 105 at 24-25.
[16] CA Dkt. 105 at 12-16.
[17] CA Dkt. 105 at 12-13.
[18] CA Dkt. 105 at 15-16.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

The present case raises claims identical to those asserted in the Pennsylvania and California cases. Specifically, the States in all three cases allege that the Rules (1) were issued without proper notice and comment required by the APA,[19] (2) conflict with substantive provisions of the ACA and other statutory and constitutional law,[20] and (3) are arbitrary and capricious.[21] Each of the States allege they are harmed in several capacities, including injury to their sovereign, quasi-sovereign, and proprietary interests, including their interest in ensuring access to contraceptive coverage for their residents, and avoiding the costs and burdens of unintended pregnancies and increased costs to state-subsidized programs.[22] The Federal Government, in turn, argues in all three cases that (1) the States lack standing to bring these claims;[23] (2) the notice-and-comment requirements do not apply, the Federal Government had good cause to evade the notice-and-comment requirements, or the failure to provide for notice and comment was harmless;[24] (3) the Rules are consistent with federal statutory and constitutional law;[25] and (4) the Rules are not arbitrary and capricious.[26]

## III. ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where it is proposed that a pending proceeding be stayed, the court should weigh the interests which will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Ninth Circuit has described three factors that should be considered when evaluating a motion to stay: (1) the possible damage that may result from a stay, (2) the hardship or inequity

---

[19] Dkt. 1 at 25-26; CA Dkt. 24 at 29-30, ¶¶ 117- 121; PA Dkt. 1 at 29-30, ¶¶ 159-167.
[20] Dkt. 1 at 22-24, 28-29; CA Dkt. 24 at 30-31, ¶¶ 122-137; PA Dkt. 1 at 27-29, ¶¶ 141-158, 31-32, ¶¶ 168-176.
[21] Dkt. 1 at 27; CA Dkt. 24 at 30, ¶¶ 122-124; PA Dkt. 1 at 31-32, ¶¶ 168-176.
[22] Dkt. 1 at 4-5, ¶¶ 8, 11-16, 18-23, ¶¶ 54-82; CA Dkt. 24 at 3, ¶¶ 1-2, 5-6, ¶¶ 13-16, 11-23, ¶¶ 35-94, 26-29, ¶¶ 104-115; PA Dkt. 1 at 25-27, ¶¶ 127-140.
[23] Dkt. 15 at 16-20; CA Dkt. 51 at 15-18; PA Dkt. 16-1 at 10-14.
[24] Dkt. 15 at 27-32; CA Dkt. 51 at 21-26; PA Dkt. 16-1 at 16.
[25] Dkt. 15 at 20-27, 35-47; CA Dkt. 51 at 26-42; PA Dkt. 16-1 at 16.
[26] Dkt. 15 at 32-35; CA Dkt. 51 at 28-31; PA Dkt. 16-1 at 16.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

a party may suffer from being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc*, 300 F.2d at 268.

As to the last factor, courts will frequently grant a stay where the resolution of another similarly situated matter may "bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva*, 593 F.2d at 863.[27] Where such a stay is considered, the court need not find that the two cases possess identical issues or that resolution of one will control the other; a finding that the cases present substantially similar issues is sufficient. *See Landis*, 299 U.S. at 254; *Leyva*, 593 F.2d at 864.

**A.  A Stay Is Warranted Because the Ninth Circuit Will Resolve Many of the Parties' Arguments Here and Provide Guidance Governing This Litigation**

District courts routinely stay proceedings where resolution of an appeal in another matter may provide guidance to the district court in deciding issues before it.[28] The purpose of this general rule is to promote judicial economy and avoid the confusion of having the same issues before two courts simultaneously.[29] This approach not only "preserve[s] resources for both parties and the Court,"[30] but also "reduce[s] the risk of inconsistent rulings that the appellate court[] might then need to disentangle."[31] "Considerable . . . resources may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed" in the case before the district court. *Id*. Particularly when the

---

[27] *See, e.g.*, *Levine v. First Am. Title Ins. Co.*, No. CIV.A 09-842, 2010 WL 2527681, at *5 (E.D. Pa. June 18, 2010) ("considering that the Supreme Court's decision may directly affect the threshold question of subject matter jurisdiction, the prudent course of action is to stay the proceedings until the Supreme Court rules.").

[28] *See Landis*, 299 U.S. at 254; *see also, e.g.*, *Washington v. Trump*, Order Staying Decision of Plaintiffs' Third Motion for a Temporary Restraining Order, No. C17-0141JLR, 2017 WL 4857088, (W.D. Wash. Oct. 27, 2017); *Fed. Home Loan Mortg. Corp. v. Kama*, No. 14-00137 ACK-KSC, 2016 WL 922780, at *8-9 (D. Haw. Mar. 9, 2016) (granting stay where Ninth Circuit's resolution of related cases "w[ould] likely involve an analysis of" issues that would "provid[e] further guidance" to the district court); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, No. 12-00704 DKW-RLP, 2014 WL 12576648, at *4 (D. Haw. Jan. 14, 2014) (same).

[29] *Natural Resources Defense Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

[30] *Unitek Solvent Servs.*, 2014 WL 12576648, at *4.

[31] *Washington v. Trump*, 2017 WL 1050354, at *5.

MOTION FOR STAY  
NO. 2:17-cv-01510 RBL

6

ATTORNEY GENERAL OF WASHINGTON  
800 Fifth Avenue. Suite 2000  
Seattle, WA 98104-3188  
(206) 464-7744

same issues are before a district court and courts of appeals, district courts are "reluctant" to decide a dispositive motion "with the prospect of a potentially contrary and binding appellate decision looming," because "[s]uch an endeavor would squander judicial resources and present the possibility of inconsistent results."[32]

This is the precise posture of this case. The factual allegations and legal claims in the complaints brought by Pennsylvania, California, and Washington are largely the same.[33] The arguments in the United States' oppositions to the motions for preliminary injunction in Pennsylvania and California are largely the same as the arguments in the Federal Government's dispositive motion in this case.[34] Judge Gilliam in *California v. Hargan* addressed the same issues that are now pending before this Court on the United States' motion to dismiss or for summary judgment. Likewise, Judge Beetlestone in the Eastern District of Pennsylvania also addressed the same issues as are pending here.[35]

For example, the Ninth Circuit's resolution of state standing will make it unnecessary for this Court to address the Federal Government's challenge to Washington's standing to sue.[36] Both Judge Gilliam and Judge Beetlestone resolved whether the Interim Final Rules complied with the procedural requirements of the APA, so the courts of appeals' resolution of this issue will obviate the need for this Court to decide the issue.[37] Likewise, Judge Beetlestone resolved the Interim Final Rules' substantive compliance with the ACA and the APA, and the Third Circuit's review of this ruling would inform the resolution of this claim here.[38]

The Federal Government will appeal both of these nationwide injunctions. There are no significant factual issues to be developed in future discovery that could alter the Pennsylvania

---

[32] *Campbell v. Oregon Dep't of State Lands*, 2017 WL 3367094, at *5 (D. Or. Aug. 4, 2017).
[33] *See supra* at 4.
[34] *See supra* at 3-5.
[35] *See supra* at 3-4.
[36] *See* CA Dkt. 105 at 12-16 (finding States had standing to challenge the Interim Final rules).
[37] CA Dkt. 105 at 2, 17-25;
[38] PA Dkt. 59 at 29-34.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

and California courts' decisions; in significant part, the cases are based on the APA and decided on the administrative record. Appeal of the merits issues decided by the Pennsylvania and California courts will significantly influence, if not dictate, the outcome of this case, just as occurred in the immigration ban litigation. This is particularly so because the courts of appeals' decisions will likely proceed to the Supreme Court. In short, resolution of the legal issues by appellate courts will either be dispositive or highly influential in all the district court cases; there is no reason for the federal government to await an appeal.

It is immaterial that there may be some differences in the issues decided in Pennsylvania and California courts' opinions and the issues presented here. "Indeed, where a stay is considered pending the resolution of another action, the court need not find that two cases involve identical issues; a finding that the issues are substantially similar is sufficient to support a stay."[39]

The United States should not be heard to complain of a stay in this case, because it sought the precise relief Washington seeks here three times in the immigration ban litigation. After Judge Robart enjoined the first round of Executive Orders on immigration from taking effect, in the parallel challenge in District Court in Hawaii the United States filed an "Emergency Motion to Stay Deadlines Pending Resolution of Appellate Proceedings Regarding Nationwide Injunction."[40] After the District Court in Hawaii enjoined implementation of the second round of immigration Executive Orders, the United States filed a motion to stay a parallel challenge in the Western District of Washington and put on hold Washington's then-pending motion for temporary restraining order.[41] Likewise, the United States moved to stay a challenge to the second round of Executive Orders brought in the Western District by a putative class of individuals and families affected by the Orders.[42] The district courts granted all three of the

---

[39] *Washington v. Trump*, 2017 WL 1050354, at *4.
[40] *See Hawai'i v. Trump*, 233 F. Supp. 850, 851 (D. Hawaii 2017) (granting stay of proceedings).
[41] *See Washington v. Trump*, Order Granting Motion for Stay, No. C-17-0141 JLR, 2017 WL 2172020 (W.D. Wash. May 17, 2017).
[42] *See Ali v. Trump*, 2017 WL 2222873 (W.D. Wash. May 22, 2017).

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

United States' motions.[43] Similarly, three district courts *sua sponte* stayed proceedings before them to await dispositive rulings or guidance from courts of appeals.[44] These consistent actions and outcomes derive from the fact that "the interests of judicial economy very strongly favor staying [an] action" where, as will be true here, "[t]he key issue[s] to be decided" are "before the Ninth Circuit . . . ."[45]

The public importance of these cases favors a stay. Eight cases have been filed challenging the legality of the Interim Final Rules. In two of them, the courts determined that they caused irreparable harm to states that required immediate relief. The cases have generated substantial public attention.[46] The issues presented by these cases are likely to ultimately be resolved by courts of appeals or the Supreme Court. "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." [47]

Furthermore, the fact that a nationwide injunction already has been entered reduces the significance of any decision entered by this Court, further militating in favor of a stay. A ruling here would have no effect on the injunctions entered by the California or Pennsylvania courts, and a contrary ruling on one issue or another here would have little practical effect.

**B.  The Burden on the Federal Government of a Stay Is Minimal and Justified By the Need To Await a Ruling by a Superior Jurisdiction**

If there is any burden on the Federal Government from a stay, it is minimal. A stay may delay resolution of this case, but "[c]ourts have long acknowledged that a delay inherent to a stay

---

[43] *See supra* notes 40, 41, 42.
[44] *See Int'l Refugee Assistance Project v. Trump*, 2017 WL 1315538, *2-3 (D. Md. April 10, 2017) ("[t]he Fourth Circuit's forthcoming analysis on the Establishment Clause claim on appeal would provide this Court with useful guidance on how to resolve the issues to be presented in the proposed motion"); *Washington v. Trump*, 2017 WL 1050354 (W.D. Wash. March 17, 2017); *Ali v. Trump*, 241 F. Supp. 1147 (W.D. Wash. 2017).
[45] *Campbell*, 2017 WL 3367094, at *4.
[46] *See, e.g.*, "Court Temporarily Blocks Trump Order Against Contraceptive Coverage," NEW YORK TIMES (Dec. 15, 2017), https://www.nytimes.com/2017/12/15/us/politics/obamacare-birth-control-trump.html?_r=0; "Second federal judge blocks Trump contraception rules," ABC NEWS (Dec. 21, 2017), http://abcnews.go.com/Health/wireStory/federal-judge-blocks-trump-contraception-rules-51937560.
[47] *Landis*, 299 U.S. at 256.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

does not, in and of itself, constitute prejudice."[48] Furthermore, awaiting resolution by the Ninth Circuit of many of the same issues pending here will not delay this case. Instead, it ensures that the parties and the Court do not expend resources only to have to repeat their efforts after a ruling by a higher court.

The cases challenging the Interim Final Rules were filed just two months ago and the litigation is proceeding at a rapid pace, so the Federal Government is not confronting long delays in any event. "There is very little risk of evidence being lost, of witnesses' memories fading, or of other spoliation."[49] This is particularly so because much of the factual basis for this case is comprised by the administrative record, which already has been formalized.[50] The stay here is not indefinite but is fixed in time by the rules governing the timing of appeals, and it will last only as long as an appeal of the preliminary injunctions. Indeed, the Federal Government can exert control over the length of the stay by asking the courts of appeals for expedited treatment, just as it did in the immigration ban appeals.[51] Should there be a change of circumstances resulting in greater prejudice to the Federal Government, it can return to this Court asking to lift the stay.[52]

The fact that implementation of the Interim Final Rules has been enjoined further attenuates any harm to the Federal Government from a stay. Continued briefing in this Court simply will not serve the Federal Government's desire for the prompt implementation of the Rules. Even if this Court were to plow ahead and ultimately determined that the Interim Final Rules were proper, its

---

[48] *PersonalWeb Techs., LLC v. Facebook Inc.*, No. 5:13-cv-01356-EJD, *et al.*, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014); *see also Convergence Techs. (USA) v. Microloops Corp.*, No. 5:10-ccv-02051 EJD, 2012 WL 1232187, *2 (N.D. Cal. Apr. 12, 2012) ("[t]his court agrees that delay, although undoubtedly frustrating for Plaintiff, is not unduly prejudicial here.").
[49] *Campbell*, 2017 WL 3367094, at *3.
[50] *See* Dkt. 18.
[51] *See Washington v. Trump*, 847 F.3d 1151, 1156 (9th Cir. 2017); *Hawaii v. Trump*, 859 F.3d 741, 761 (9th Cir.)*, cert. granted sub nom. Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017), *and cert. granted, judgment vacated*, No. 16-1540, 2017 WL 4782860 (U.S. Oct. 24, 2017), *and vacated*, 874 F.3d 1112 (9th Cir. 2017).
[52] *See CMAX*, 300 F.2d at 270 ("Should there be a substantial change in circumstances indicating that the trial should not be further delayed, [the party opposing the stay] may seek a district court order setting the case for trial"); *accord Hawai'i v. Trump*, 233 F. Supp. 3d at 854; *Washington v. Trump*, 2017 WL 105034, at *4.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

decision would have little if any impact. Instead, for a decision by this Court to affect implementation of the rules, both the Ninth Circuit would have to reverse Judge Gilliam's decision in its entirety and the Third Circuit would have to do the same to Judge Beetlestone's ruling.

Nor can the United States credibly object that the preliminary injunction rulings were interim, while it is seeking final relief here. Standing is a threshold issue that must be conclusively resolved before a court can grant a preliminary injunction, and state standing was finally decided by both the California and Pennsylvania district courts. Both courts also recognized that likelihood of success was "[t]he most important . . . factor"[53]; their decisions did not hinge heavily on the other factors for awarding injunctive relief. In any event, appellate review will result in further analysis and resolution of the merits issues in this case. A decision by the Ninth Circuit will heavily influence, if not bind, this Court in addressing final relief here. In the immigration ban litigation, for example, decisions by the Ninth Circuit and the Supreme Court disposed of the merits issues squarely addressed by those courts.[54]

Clearly, here any burden of a stay on the Federal Government does not outweigh permitting the Court and the parties to conserve their resources and benefit from any Ninth Circuit and Third Circuit rulings in *California v. Trump* and *Pennsylvania v. Trump*.

## C. Washington Will Be Prejudiced Absent a Stay

Ordinarily a plaintiff would object to a stay of its case, but the opposite is true here. In light of consistent rulings by two district courts and likely appeals, Washington will benefit from awaiting impending appellate resolution of many of the issues present here. "[H]ardship or inequity may result to both parties if the [c]ourt does not pause to consider issues . . . [that will be on appeal in the Ninth Circuit]."[55]

---

[53] CA Dkt. 105 at 17; PA Dkt. 59 at 18.
[54] *See Washington v. Trump*, 847 F.3d 1151; *Hawaii v. Trump*, No. 16-1540, 2017 WL 4782860.
[55] *Hawai'i v. Trump*, 2017 WL 536826, *3.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Further, the harm from inconsistent rulings is particularly severe in a case such as this. This suit involves insurance coverage issues that affect up to 1.5 million insureds in Washington, plus their spouses and dependents.[56] Employers and insurance companies across Washington are impacted by this case. A stay is warranted to avoid "the potential for inconsistent rulings and resulting confusion to . . . the public."[57]

### IV. CONCLUSION

Based on the foregoing, this matter should be stayed.

DATED this 21st day of December, 2017.

>ROBERT W. FERGUSON
>Attorney General
>
>*/s/ Jeffrey T. Sprung*
>JEFFREY T. SPRUNG, WSBA #23607
>ALICIA O. YOUNG, WSBA #35553
>CYNTHIA L. ALEXANDER, WSBA #46019
>AUDREY L. UDASHEN, WSBA #42868
>Assistant Attorneys General
>*Attorneys for Plaintiffs*

---

[56] Dkt. 1, ¶ 73.
[57] *Hawai'i v. Trump*, 2017 WL 536826, *3.

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## DECLARATION OF SERVICE

I hereby certify that on December 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth L. Kade
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Elizabeth.L.Kade@usdoj.gov
*Attorney for Defendants*

DATED this 21st day of December, 2017, at Seattle, Washington.

*/s/ Jeffrey T. Sprung*
Jeffrey T. Sprung
Assistant Attorney General

MOTION FOR STAY
NO. 2:17-cv-01510 RBL

13

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744