The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> Defendants. | NO. 2:17-cv-01510 RBL <br><br> WASHINGTON'S REPLY IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEEDINGS PENDING RESOLUTION OF APPEALS <br><br> NOTED FOR: JANUARY 5, 2018 |

## I.  INTRODUCTION

The Court should temporarily stay this litigation while the nationwide injunctions entered in identical cases brought by the States of California and Pennsylvania are appealed. A stay would avoid wasting the resources of the Court and the State of Washington while awaiting governing guidance from the Ninth Circuit on the very same issues presented here. The Federal Government does not attempt to articulate any harm to its interests from a temporary stay. Indeed, contrary to what it urges on this Court here, it has taken the precise *opposite* position in the parallel case in California, advocating a stay pending appeal there – consistent with the position it uniformly took in district courts pending its appeals in the immigration ban litigation. Under governing Ninth Circuit standards, a temporary stay should be entered.
WASHINGTON'S REPLY IN SUPPORT OF MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF APPEALS NO. 2:17-cv-01510 RBL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## II. ARGUMENT

**A. The Court Should Not Sanction the United States' Attempt To Take Contrary Positions Before Different Courts**

Remarkably, the United States is taking a position directly contrary to the one it advocates here in the same case brought by a different state in the U.S. District Court for the Northern District of California. At the same time the Justice Department is urging this Court to proceed to the merits of this case, it has advised the District Court in California that it will seek a stay of proceedings there should it decide to appeal that Court's injunction.[1] Its Opposition provides no explanation for why it is taking a contrary position in the Northern District of California.

Equity prevents a party from "gaining an advantage by taking inconsistent positions" not only for reasons of fairness, "but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). This Court should do what the Federal Government has confirmed it will request from the District Court in California: stay this litigation pending the Ninth Circuit's disposition of its imminent appeal in *California v. Hargan*.

---

[1] *See* Joint Case Management Conference Statement, *California, et al. v. Hargan, et al.*, No. 4:17-cv-05783 (N.D. Cal.), at 6, Exhibit A to the Declaration of Jeffrey T. Sprung in Support of Plaintiff's Reply re: Motion to Stay District Court Proceedings Pending Resolution of Appeals ("The deadline to appeal the preliminary injunction entered by the Court is February 19, 2018. In the event that defendants appeal the preliminary injunction, federal defendants would seek a stay of this case pending resolution of the appeal in the Ninth Circuit and, potentially, the Supreme Court.").

WASHINGTON'S REPLY IN SUPPORT
OF MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING
RESOLUTION OF APPEALS
NO. 2:17-cv-01510 RBL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### B. The United States Fails To Address the Legal Standard Governing Motions for Stay

The circumstances here squarely meet the three criteria articulated by the Ninth Circuit governing motions for stay – criteria the Federal Government fails to acknowledge or address.[2] First, the United States does not articulate any harm to its interests whatsoever that would result from a stay. Nor can it: even if this Court proceeded to the merits of this case, its ruling would have no practical effect while the injunctions already in effect are appealed to the Ninth and Third Circuits. Second, the United States does not dispute the waste of Washington's resources that would result from proceeding here while appeal of the same issues is imminent in the governing appellate court, or the confusion to insured individuals, employers, and insurance companies that would result from potentially inconsistent rulings. Third, the United States does not confront the fact that a stay would simplify this litigation by awaiting resolution of overlapping questions of law by the Ninth and Third Circuits, avoid the waste of this Court's resources, and promote the orderly course of justice. Under the standards governing motions for stay, this case should be stayed pending resolution of the appeals in *California v. Hargan* and *Pennsylvania v. Trump*.

### C. The United States' Disagreement With the California and Pennsylvania Courts' Injunctions is Irrelevant To Whether this Court Should Grant a Stay

The Federal Government's Opposition dwells exclusively on the merits of the underlying dispute between the parties, only amplifying the wastefulness of its position. The Federal Government will have ample opportunity to make these arguments in its appeals before the Ninth and Third Circuits, but such arguments have no relevance to this Court's consideration of whether a stay is appropriate. Critically, the Federal Government does not dispute that this case

---

[2] *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

WASHINGTON'S REPLY IN SUPPORT
OF MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING
RESOLUTION OF APPEALS
NO. 2:17-cv-01510 RBL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

raises identical issues with respect to standing and the merits of the claims. Even if, as the United States strenuously argues (and Washington just as strenuously disputes), the other District Courts are wrong, there is no benefit from this Court issuing its own ruling because the exact same issues will soon be before a court whose decision will be binding on this Court.

### III. CONCLUSION

Washington seeks a temporary stay of this litigation so long as the injunctions entered in *California v. Hargan* or *Pennsylvania v. Trump* are in effect. It would waste the resources of this Court and the State to plunge ahead while the key legal issues are awaiting imminent resolution by the Ninth and Third Circuits. Once those injunctions are confirmed or lifted, and based on the resulting appellate guidance, either party should be permitted to request resumption of this litigation.[3]

DATED this 5th day of January, 2018.

ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey T. Sprung*
JEFFREY T. SPRUNG, WSBA #23607
ALICIA O. YOUNG, WSBA #35553
CYNTHIA L. ALEXANDER, WSBA #46019
AUDREY L. UDASHEN, WSBA #42868
Assistant Attorneys General
*Attorneys for Plaintiffs*

---

[3] Washington has submitted herewith a revised Proposed Order to confirm it to the recent filings by the United States.

WASHINGTON'S REPLY IN SUPPORT
OF MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING
RESOLUTION OF APPEALS
NO. 2:17-cv-01510 RBL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# DECLARATION OF SERVICE

I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elizabeth L. Kade
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Elizabeth.L.Kade@usdoj.gov
*Attorney for Defendants*

DATED this 5th day of January, 2018, at Seattle, Washington.

*/s/ Jeffrey T. Sprung*
JEFFREY T. SPRUNG
Assistant Attorney General

WASHINGTON'S REPLY IN SUPPORT
OF MOTION TO STAY DISTRICT
COURT PROCEEDINGS PENDING
RESOLUTION OF APPEALS
NO. 2:17-cv-01510 RBL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744